**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| VILLAGE OF ELLIOTT, a municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DUANE WILSON, | ) ) ) |
| Defendant. | ) ) Case No. 11-2107 |
| DUANE WILSON, | ) ) ) |
| Counter-Claimant, | ) ) |
| v. | ) ) |
| VILLAGE OF ELLIOTT, a municipal corporation, WYATT COLLISON REPAIR, LLC, TRACEY M OTT, in his individual capacity, FORD COUNTY SHERIFF, and FORD COUNTY, a municipal corporation, | ) ) ) ) ) ) ) |
| Counter-Defendants. | ) |

**REPORT AND RECOMMENDATION**

On April 28, 2011, Counter-Defendant Ford County Sheriff filed a Notice of Removal (#1) in this Court, seeking to remove this case from the Circuit Court of the Eleventh Judicial Circuit, State of Illinois, Ford County. In the underlying action, originally filed in Ford County in June 2010, Plaintiff Village of Elliott brought suit against Defendant Duane Wilson seeking collection of towing and storage fees for vehicles towed pursuant to a Village of Elliott ordinance.[1] Wilson filed a counter-claim alleging the ordinance is unconstitutional. In his counter-claim, Wilson named the Village of Elliott, Wyatt's Collision Repair, LLC, Tracey Mott, Ford County Sheriff, and County of Ford as counter-defendants.

---

[1] This Report and Recommendation will refer to Counter-Defendant Ford County Sheriff as "Defendant" and Counter-Plaintiff Wilson as "Wilson."

On May 27, 2011, Wilson filed Defendant/Counter-Plaintiff's Motion to Remand (#9). Defendant Ford County Sheriff filed a Response to Defendant/Counter-Plaintiff's Motion for Remand (#11). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant/Counter-Plaintiff's Motion to Remand **(#9)** be **GRANTED**.

## I. Standard

Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants. 28 U.S.C. § 1441(a). A defendant desiring to remove any civil action from a State court may file a notice of removal in the district court of the United States for the district and division within which such action is pending. 28 U.S.C. § 1446(a). The procedural requirements for removal are as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

## II. Discussion

Wilson argues that this case should be remanded to state court because not all defendants have joined Defendant's Notice of Removal (#1). A petition for removal is deficient if not all defendants join in it. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (citing *Roe v. O'Donohue*, 38 F.3d 298, 300 (7th Cir. 1994)). To 'join' a motion is to support it in writing. *Id*. All served defendants must support the petition in writing, meaning all defendants must sign. *Id*.

Defendant responds that this Court should deny Wilson's motion to remand because Defendant has satisfied the requirements of 28 U.S.C. §1446(b). Defendant invites this Court to

conclude that *Gossmeyer* is without foundation in federal statute or case law, and argues that therefore this Court should disregard *Gossmeyer*'s directive.

Circuit courts have varying standards of what form a codefendant's joinder in a removal must take. The Seventh Circuit strictly applies a requirement of timely written consent. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). Indeed, in *Gossmeyer*, the Court found the removal defective due to the lack of a signature by all defendants, even though all properly served defendants had agreed to the removal. *Gossmeyer*, 128 F.3d at 489 (finding the removal defective, but also finding the defect was waived due to plaintiff's failure to object). *See also Boruff v. Transervice, Inc.*, No. 10-0322, 2011 WL 1296675 (N.D. Ind. Mar. 30, 2011) (discussing what form a co-defendant's joinder in removal must take in the Seventh Circuit and other jurisdictions).

The Ninth Circuit has summarized the varying approaches taken by circuit courts:

> The Sixth Circuit requires only that "at least one attorney of record" sign the notice and certify that the remaining defendants consent to removal; it does not insist that each defendant submit written notice of such consent. In contrast, the Fifth, Seventh, and Eighth Circuits have adopted the more demanding requirement that each co-defendant must submit a timely, written notice of consent to joinder.

*Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009).

Under the plain language in *Gossmeyer*, this Court concludes that Defendant's notice of removal is deficient due to failure to join co-defendants. Co-defendants must submit timely, written notice of their consent to joinder. This Court notes the application of this rule in other jurisdictions, and is persuaded that the rule is consistent with 28 U.S.C. §1446(b).

Last, Defendant asks the Court to issue an Order granting any Defendants a limited amount of time to obtain the necessary written consent, rather than remanding the case to state court. In *Shaw*, the Seventh Circuit noted that, while the time limit is to be strictly applied, it is not jurisdictional. *Shaw*, 994 F.2d at 398. The court noted amendments may be permitted to correct "defective allegations of jurisdiction" in some circumstances. *Id.* at 368-369. The *Shaw* court allowed the defendant to submit a tardy explanation for lack of joinder by co-defendants.

3

The court reasoned the opposing party did not promptly challenge removal, and the absence of other defendants was justified. *Id*. Here, Plaintiff has promptly challenged removal, and it is unclear whether the absence of other defendants is justified. Given these differences, this Court recommends that the time limit be strictly applied in this case.

### III. Summary

For the reasons stated above, this Court recommends that Defendant/ Counter-Plaintiff's Motion to Remand **(#9)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 16th day of August, 2011.

                                            s/ DAVID G. BERNTHAL
                                            U.S. MAGISTRATE JUDGE