UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **VILLAGE OF ELLIOTT, a municipal corporation,** )<br>)<br>Plaintiff,    )<br>)<br>v.           )<br>)<br>**DUANE WILSON,** )<br>)<br>Defendant.  )<br>_____  )<br>**DUANE WILSON,** )<br>)<br>Counter-Plaintiff,  )<br>)<br>v.           )<br>)<br>**VILLAGE OF ELLIOTT, a municipal  )<br>corporation, WYATT'S COLLISION REPAIR, )<br>LLC, TRACEY MOTT, in his individual  )<br>capacity, FORD COUNTY SHERIFF, and  )<br>FORD COUNTY, a municipal corporation,  )<br>)<br>Counter-Defendants.   )** | Case No.  11-CV-2107 |

**ORDER**

On August 16, 2011, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#13) in the above cause. Judge Bernthal recommended granting the Motion to Remand filed by Defendant/Counter Plaintiff Duane Wilson (Wilson). On September 16, 2011, Counter-Defendants Ford County Sheriff and Ford County filed their Objections to Report and Recommendation (#16). Following this court's careful de novo review of Judge Bernthal's reasoning and the Counter-Defendants' Objections, this court agrees with and accepts the Report and Recommendation (#13). This court notes that Judge Bernthal thoroughly addressed the arguments raised in Counter-Defendant Ford County Sheriff's Response to the Motion to Remand

and set out persuasive and well supported reasons for rejecting them.

The Counter-Defendants have reiterated with this court their disagreement with the Seventh Circuit's decision in Gossmeyer v. McDonald, 128 F.3d 481 (7th Cir. 1997) and their belief that the case can be distinguished from the facts of this case. In Gossmeyer, the Seventh Circuit stated that "Section 1446(b) requires that the notice of removal be filed 'within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.'" Gossmeyer, 128 F.3d at 489, quoting Roe v. O'Donohue, 38 F.3d 298, 300 (7th Cir. 1994). The court then stated, again citing Roe, that "[a] petition for removal is deficient if not all defendants join in it" and further stated that "[t]o 'join' a motion is to support it in writing." Gossmeyer, 128 F.3d at 489. The court clarified that all served defendants have to support the petition in writing by signing it. Gossmeyer, 128 F.3d at 489.

This court recognizes that Defendants believe that "there is no statutory or legal precedent for the Roe or Gossmeyer decisions." This court must, however, follow the decisions of the Seventh Circuit. "In a hierarchical system, decisions of a superior court are authoritative on inferior courts." Reiser v. Residential Funding Corp. 380 F.3d 1027, 1029 (7th Cir. 2004); see also Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005). Therefore, this court must follow Gossmeyer whether or not it agrees. See Reiser, 380 F.3d at 1029.

In this case, Judge Bernthal concluded that the Notice of Removal was deficient due to the failure to join co-defendants. Judge Bernthal further concluded that, because Wilson promptly challenged removal and it is unclear whether the absence of other defendants was justified, the time limit should be strictly applied in this case. This court agrees with those conclusions.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#13) is accepted by this court.

(2) Wilson's Motion to Remand (#9) is GRANTED.

(3) This case is remanded to the circuit court of Ford County.

(4) This case is terminated.

ENTERED this 21st day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE